# AMINI LLC

Avery Samet  
MEMBER NY BAR

212.497.8239  
asamet@aminillc.com

August 21, 2020

**By ECF**

The Honorable Lewis A. Kaplan  
United States District Judge  
United States Courthouse  
500 Pearl Street  
New York, New York 10007

Re: **LaMonica v. Tilton, et al.  (In re TransCare Corporation),  
Case Nos. 1:20-cv-06274 and 1:20-cv-06523**

Dear Judge Kaplan:

We represent the Appellee and Plaintiff Salvatore LaMonica, the Chapter 7 Trustee of TransCare Corporation and its affiliated debtors (the "Trustee"), in the two related actions referenced above.

The first action (Case No. 20-6274) is an appeal from the July 6, 2020 Post-Trial Findings of Fact and Conclusions of Law (the "PFC") entered by the Honorable Stuart M. Bernstein of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), as well as from the Judgment relying on the PFC entered by the Bankruptcy Court on July 15, 2020 (the "Appeal").  The Appellants are four corporate entities, each wholly controlled by Defendant Lynn Tilton.

The second action (Case No. 20-6523) is an objection to the same PFC filed by Defendant Tilton pursuant to Bankruptcy Rule 9033 (the "Objection").

The Appeal and the Objection are governed by different standards of review but arise out of the same set of operative facts.  The Bankruptcy Court determined that the PFC represented final findings of fact and conclusions of law with respect to the entity defendants but proposed findings of fact and conclusions of law with respect to Defendant Tilton.

The briefing schedule on the Appeal is governed by Bankruptcy Rule 8018.  Appellants' initial brief will be due 30 days after the Bankruptcy Court transmits the record on appeal, which we believe will occur sometime next week.

Pursuant to a stipulated schedule so-ordered by the Bankruptcy Court, Defendant Tilton filed her Objection on August 7, 2020 and Plaintiff's response is due September 9, 2020. (Under Bankruptcy Rule 9033(c), the Bankruptcy Court is authorized to set the schedule on the Objection; there is no reply.)

The Honorable Lewis A. Kaplan
August 21, 2020
Page 2

      We write because Defendant Tilton filed a 99-page brief (Case No. 20-6523, Doc. 3), with an accompanying 18-page addendum which purports to contain her specific objections to the Bankruptcy Court's findings. (Ex. F). According to Your Honor's Individual Rules of Practice, briefs on motions and on bankruptcy appeals are not to exceed thirty-five pages, while objections to reports and recommendations of Magistrate Judges are not to exceed twenty pages in length. We do not believe Your Honor has a rule specifically governing objections to Bankruptcy Court reports and recommendations.

      Given the size of the Objection brief and the upcoming appeal briefing arising from the same trial and same facts, we thought it prudent to seek a conference with the Court to discuss the most efficient way to proceed. In the alternative, we respectfully request an equal number of pages for our Objection response.

      We thank Your Honor for your attention to this matter.

Respectfully submitted,

*Avery Samet*

Avery Samet

cc:    All Counsel of Record