
Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

September 18, 2020

**Via ECF**

Honorable Lewis A. Kaplan
United States District Judge
500 Pearl Street
New York, New York 10007

Michael T. Mervis
Member of the Firm
d 212.969.3565
f 212.969.2900
mmervis@proskauer.com
www.proskauer.com

Re:   *In re: TransCare Corporation*, 1:20-cv-06274

Dear Judge Kaplan:

We represent defendants-appellants in the above-referenced bankruptcy appeal, and write to request (1) a two-day extension of the deadline for defendants-appellants to file their opening brief, and (2) clarification on the length limitations for the parties' briefs and/or leave to file a principal brief exceeding the length limitations set forth in the Court's Individual Rules of Practice.

Defendants-appellants' principal brief is currently due on September 28, 2020, which coincides with Yom Kippur (September 27-28). Defendants' principal, their in-house counsel and the undersigned celebrate the holiday. Thus, in order to permit these client representatives and the undersigned to participate meaningfully in its finalization, defendants-appellants request a two-day extension, to September 30, to file their principal brief. This is defendants-appellants' first request for an extension of time to file their principal brief on appeal. Opposing counsel consents to this extension and, pursuant to the Court's Individual Rules of Practice, a stipulation that sets forth the revised briefing schedule to which counsel have agreed is attached hereto as Exhibit A.

Defendants-appellants also seek the Court's guidance on the length limitations for the parties' briefs on appeal. We are aware that the Court's Individual Rules of Practice for bankruptcy appeals state that the Court's "page limits applicable to memoranda of law on motions apply to briefs on bankruptcy appeals," and these page limits in turn provide for 35 pages for opening and opposition briefs, and 10 pages for reply briefs. However, Federal Rule of Bankruptcy Procedure 8015(a)(7)(B) provides a "type-volume limitation" of 13,000 words for principal briefs and 6,500 words for reply briefs, as an alternative to a page limit, and Rule 8015(f) indicates that district courts hearing bankruptcy appeals will accept briefs that comply with 8015(a)(7)(B).[1] Given this

---

[1] Federal Rule of Bankruptcy Procedure 8015(f) states: "A district court or BAP must accept documents that comply with the form requirements of this rule and the length limits set by Part VIII of these rules. By local rule or order in a particular case, a district court or BAP may accept documents that do not meet all the form requirements of this rule or the length limits set by Part VIII of these rules."

Case 1:20-cv-06274-LAK   Document 7   Filed 09/18/20   Page 2 of 2

Hon. Lewis A. Kaplan
September 18, 2020
Page 2

arguable ambiguity, defendants-appellants seek to confirm whether the Court will accept briefs that comply with the type-volume limitation of Federal Rule of Bankruptcy Procedure 8015(a)(7)(B), even though they may exceed the page limit set forth in the Court's Individual Rules of Practice.

If the Court will not accept briefs that comply with the type-volume limitation of Federal Rule of Bankruptcy Procedure 8015(a)(7)(B) if they exceed the page limits set forth in the Court's Individual Rules of Practice, defendants-appellants request leave to file a principal brief of either (a) 45 pages in size 12 font, or (b) 55 pages in size 14 font.[2]  Defendants-appellants submit that this request is justified by the length of the bankruptcy court's opinion (100 pages) that forms the basis for the judgment on appeal.  Although, to be sure, much of the discussion in that opinion relates to a non-core claim that is separately before the Court pursuant to Rule 9033 of the Federal Rules of Bankruptcy Procedure, there is significant factual overlap between that non-core claim and the core claims that are the subject of the judgment appealed from.  We have conferred with opposing counsel, and they do not object to this request provided they are afforded the same number of pages for their responsive brief.

We thank the Court for its consideration of the foregoing requests.

Respectfully submitted,

/s/ Michael T. Mervis

Michael T. Mervis

Attachment

cc:  Counsel for Plaintiff (via email and ECF)

---

[2] While Rule 11.1(b) of this Court's Local Rules permits text to be in 12-point font, Federal Rule of Bankruptcy Procedure 8015(a)(5) requires that proportionally spaced fonts be 14-point or larger.