# 20 Civ. 06274 (LAK)

**United States District Court**

*for the*

**Southern District of New York**

_____

IN RE TRANSCARE CORPORATION, ET AL.

DEBTORS,

_____

PATRIARCH PARTNERS AGENCY SERVICES, LLC, ET AL.

DEFENDANTS-APPELLANTS,

—against—

SALVATORE LAMONICA, AS CHAPTER 7 TRUSTEE OF THE JOINTLY-ADMINISTERED ESTATES OF TRANSCARE CORPORATION, ET AL.,

PLAINTIFF-APPELLEE.

_____

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK (BERNSTEIN, J.)

IN RE: TRANSCARE CORPORATION, ET AL., CASE NO. 16-10407 (SMB)

LAMONICA V. TILTON, ET AL., ADV. PROC. NO. 18-1021 (SMB)

**APPENDIX TO BRIEF FOR THE APPELLANTS**

## Volume XXVII- A3583-A3605

<u>**Schedule V**</u>

**DEPOSIT ACCOUNTS**

**Part A.  Medicare Controlled Accounts of Transcare New York, Inc.**

| ACCOUNT HOLDER/GRANTOR | FINANCIAL INSTITUTION/ACCOUNT NUMBER |
|---|---|
| TransCare New York, Inc. | HSBC - 678-716935 |
|  |  |

Account(s) to be established at HSBC in Brooklyn, NY.

**Part B.  Existing Bank Accounts and Non-Medicare Controlled Accounts of Transcare New York, Inc. and TransCare Corporation**

| ACCOUNT HOLDER/GRANTOR | FINANCIAL INSTITUTION/ACCOUNT NUMBER |
|---|---|
|  |  |
| TransCare New York, Inc. – Operating Account* | HSBC – 678-702497 to become a Non-Medicare Controlled Account** |
| TransCare Corporation – Operating Account* | Bank of America – 003916398858** |

**Part C.  Deposit Accounts Accepting Medicare and Non-Medicare Accounts of Grantors other than Transcare New York, Inc.**

| ACCOUNT HOLDER/GRANTOR | FINANCIAL INSTITUTION/ACCOUNT NUMBER |
|---|---|
|  |  |
| TransCare Maryland, Inc.– Operating Account* | Bank of America – 003934263460 |
| TransCare Pennsylvania, Inc.– Operating Account* | National City Bank – 41018922 |
| TransCare Maryland, Inc. – Medicare Account | TBD |
| TransCare Pennsylvania, Inc. – Medicare Account | TBD |
| TransCare New York, Inc. – Class 5 Unsecured Claims Account*** | HSBC - 678-716951 |
| TransCare New York, Inc. – Class 6 Unsecured Claims Account*** | HSBC - 678-716943 |

\* Existing Bank Account
\*\*These accounts will be subject to a Deposit Account Control Agreement in substantially the form of Annex D-1 or such other form approved by the Administrative Agent.
\*\*\*These accounts have been set up to fund Class 5 and Class 6 claims.

**Part D. Other Deposit Accounts of Grantors**

TRANSCARE00230157

NONE

**A3584**

TRANSCARE00230158

**Schedule VI**

## INVENTORY AND EQUIPMENT

1.   Locations:

  1.     5811 Foster Avenue, Brooklyn, New York  11234
  2.     1212 Fifth Avenue, New York, NY [EMS / 911 office]
  3.     400 Seco Road, Monroeville, PA  15164
  4.     196 Maple Avenue, White Plains, New York  10601
  5.     1500 Caton Center Drive, Baltimore, MD  21047
  6.     5801 Foster Avenue, Brooklyn, New York  11234
  7.     5809 Foster Avenue, Brooklyn, New York  11234
  8.     11 Ranick Drive South, Amityville, New York  11701
  9.     106-15 Foster Avenue, Brooklyn, New York
  10.    200 Maple Avenue, White Plains, New York  10601
  11.    154 East 3rd Street, Mt. Vernon, New York  10550
  12.    20 East O'Reilly Street, Kingston, NY 12401
  13.    229 Old Mountain Road, Otisville, NY 10963
  14.    50 West Cedar Street, Poughkeepsie, NY 12601
  15.    1315 East 32nd Street, Brooklyn, NY 11234

VI-1

TRANSCARE00230159

2.   The following is a list of client or customer hospitals or facilities which are not facilities owned or leased by the Grantors, where certain inventory or equipment of the Grantors may be located from time to time.

1.   Madison Square Garden
     8 Penn Plaza
     New York, New York  10001

2.   Yankee Stadium
     1 Ruppert Place
     Bronx, New York  10451

3.   Roseland Ballroom
     239 West 52nd Street
     New York, New York  10019

4.   Nassau Coliseum
     1255 Hempstead Turnpike
     Uniondale, New York  11553

     Staten Island Yankees
     75 Richmond Terrace
     Staten Island, New York 10301

5.   Brooklyn Hospital
     121 DeKalb Avenue
     Brooklyn, New York  11201

6.   Columbia Presbyterian Hospital
     622 W. 168th Street
     New York, New York 10032

7.   Maimonodes Hospital
     4802 10th Avenue
     Brooklyn, New York  11219

8.   Montefiore Hospital
     111 East 210th Street
     Bronx, New York  10467

9.   St. Vincent Hospital
     153 West 11th Street
     NR 7th Avenue
     New York, New York  10011

VI-2

A3586

10.  Mt. Sinai Hospital
     1190 5th Avenue
     New York, New York  10029

12.  Mary Immaculate Hospital
     15211 89th Avenue
     Jamaica, New York 11432

     Beth Israel Hospital
     Kings Highway Divison
     3201 Kings Highway
     Brooklyn, New York 11234

     St. Johns Hospital
     9002 Queens Boulevard
     Flushing, New York 11373

3.  <u>Employees</u>:  Certain employees have personal computers provided by a Grantor which are located at their residences.

4.  <u>Hospital Locations</u>: The following is a list of hospital locations at which Inventory and/or Equipment of the Grantors may be located from time to time (911 Hospitals):

    A.  Albert Einstein College of Medicine (Montefiore Medical Center)
        1825 Eastchester Avenue
        Bronx, NY 10463

    B.  Beth Israel Hospital North Division
        170 East End Avenue
        New York, New York  10028

    C.  Beth Israel Medical Center Pitre Division
        16th Street and 1st Avenue
        New York, New York  10003

    D.  Brookdale University Hospital and Medical Center
        1 Brookdale Plaza
        Brooklyn, New York 11212

    E.  The Brooklyn Hospital Center Caledonian Campus
        100 Parkside Avenue
        Brooklyn, New York 11226

    F.  Kingsbrook Jewish Medical Center
        585 Schenectady Avenue
        Brooklyn, New York 11203

VI-3

**A3587**

TRANSCARE00230161

G.  Montefiore Medical Center
    111 East 210th Street
    Bronx, New York 10701

H.  Mt. Sinai Hospital
    1212 Fifth Avenue
    New York, New York 10029

I.  NY Community Hospital
    2525 Kings Highway
    Brooklyn, NY 11210

J.  New York Westchester Square Hospital
    2475 St. Raymond Avenue
    Bronx, New York 10461

K.  Parkway Hospital
    70-35 113th Street
    Forest Hills, New York 11375

L.  St. Barnabas Hospital
    Third Avenue and 183rd Street
    Bronx, New York 10457

M.  NYU Medical Center
    550 1st Avenue
    New York, New York  10016

N.  Bronx Lebanon Hospital
    Concourse Division
    1650 Grand Concourse
    Bronx, New York 10457

O.  Westchester County Medical Center Helicopter Dispatching
    95 GrasslanesRoad
    Valhalla New York 10595

VI-4

**A3588**

TRANSCARE00230162

**Schedule VII**

## NAME, CHIEF EXECUTIVE OFFICE, JURISDICTION OF ORGANIZATION AND ORGANIZATIONAL IDENTIFICATION NUMBER OF GRANTORS

| Grantor | Jurisdiction of Organization | Chief Executive Office(s) |
|---|---|---|
| TransCare Corporation | Delaware | 5811 Foster Avenue, Brooklyn, NY 11234 |
| TransCare New York, Inc. | Delaware | 5811 Foster Avenue, Brooklyn, NY 11234 |
| TransCare Westchester, Inc. | Delaware | 5811 Foster Avenue, Brooklyn, NY 11234 196 Maple Avenue, White Plains, NY 10601 |
| TransCare Maryland, Inc. | Delaware | 5811 Foster Avenue, Brooklyn, NY 11234 1500 Caton Center Drive, Baltimore, MD 21047 |
| TransCare Harford County, Inc. | Delaware | 5811 Foster Avenue, Brooklyn, NY 11234 1500 Caton Center Drive, Baltimore, MD 21047 |
| TransCare Pennsylvania, Inc. | Delaware | 5811 Foster Avenue, Brooklyn, NY 11234 400 Seco Road, Monroeville, PA 15164 |
| TC Ambulance Corporation | Delaware | 5811 Foster Avenue, Brooklyn, NY 11234 |
| TC Ambulance North, Inc. | Delaware | 5811 Foster Avenue, Brooklyn, NY 11234 |
| TC Ambulance Group, Inc. | Delaware | 5811 Foster Avenue, Brooklyn, NY 11234 |
| TransCare Management Services, Inc. | Delaware | 5811 Foster Avenue, Brooklyn, NY 11234 400 Seco Road, Monroeville, PA 15164 |
| TCBA Ambulance, Inc. | Delaware | 5811 Foster Avenue, Brooklyn, NY 11234 |
| TC Hudson Valley Ambulance Corp. | Delaware | 5811 Foster Avenue, Brooklyn, NY 11234 50 West Cedar Street, Poughkeepsie, NY 12601 |
| TC Billing and Services Corp. | Delaware | 5811 Foster Avenue, Brooklyn, NY 11234 |

Schedule VIII

## PAYROLL ACCOUNTS

| ACCOUNT HOLDER/GRANTOR | FINANCIAL INSTITUTION/ACCOUNT NUMBER |
|---|---|
| TransCare New York, Inc. – Main Payroll Account | HSBC - 678702497 |
| TransCare New York, Inc. – Flex Benefits Payroll Acount | HSBC - 678702489 |
| TransCare Maryland, Inc. | Bank of America - 003934263473 |
| TransCare Pennsylvania, Inc. | National City Bank - 41018913 |

The Grantors' Payroll Accounts are not limited to the accounts listed above but shall include all future deposit, custody or other accounts maintained by any Grantor with a bank or other institution if such account is used solely to deposit funds (i) which are to be applied to the payment of wages and other compensation payable to employees of any Grantor and any withholding, social security, payroll, unemployment or other taxes relating thereto, imposed by any federal, state, county or local government or a subdivision or agency thereof, including any charges, fees, assessments, interest, penalties or additions payable in connection with any of the foregoing or which are to be applied, to the extent of amounts withheld or deducted from compensation payable to any employee of any Grantor, to the payment of health insurance or other benefits generally provided to employees of any Grantor, or (ii) which are transferred to a Bank Account because they are not required to make a payment contemplated by the foregoing clause (i).

VIII-1

**A3590**

TRANSCARE00230164

<u>**ANNEX A**</u>

**FORM OF**
**NOTICE OF SECURITY INTEREST IN PATENTS**

United States Department of Commerce
Commissioner of Patents and Trademarks
Box Assignments
Washington, D.C. 20231

Ladies and Gentlemen:

Pursuant to a Security Agreement, dated as of _____ __, 2003 (as amended, supplemented or otherwise modified from time to time, the "<u>Security Agreement</u>"), [NAME OF GRANTOR], a _____ corporation (the "<u>Assignor</u>"), has granted to PATRIARCH PARTNERS AGENCY SERVICES, LLC, as agent for certain lenders, as Assignee (the "<u>Assignee</u>") a continuing security interest in, and a continuing lien upon, the Patents (as such term is defined in the Security Agreement) including the patents and patent applications listed on the annexed <u>Exhibit A</u>, and all applications, registrations, renewals and proceeds (including accounts receivable and royalties) thereof (the "<u>Patents</u>"). The Assignee's security interest in the Patents can only be terminated in accordance with the terms of the Security Agreement.

Dated: _____

Very truly yours,

[NAME OF GRANTOR]

By _____
    Name:
    Title:

<u>ACKNOWLEDGED BY</u>:

PATRIARCH PARTNERS AGENCY SERVICES, LLC,
    as Assignee

By _____
    Name:
    Title:

N187178.1

Annex A-1

<u>**Exhibit A**</u>

## <u>PATENTS</u>

| <u>Serial No.<br>or Patent No.</u> | <u>Inventor</u> | <u>Issue or<br>File Date</u> | <u>Title</u> |
|---|---|---|---|

## <u>PATENT LICENSES</u>

| <u>United States<br>Patent No.</u> | <u>Owner</u> | <u>Issue Date</u> |
|---|---|---|

## <u>PATENT APPLICATIONS</u>

| <u>Serial<br>No.</u> | <u>Owner</u> | <u>Nature<br>Of<br>Interest</u> | <u>Filing<br>Date</u> |
|---|---|---|---|

N187178.1

A-1

**A3592**

TRANSCARE00230166

**ANNEX B**

**FORM OF**
**MEMORANDUM OF SECURITY INTEREST IN TRADEMARKS**

United States Department of Commerce
Commissioner of Patents and Trademarks
Box Assignments
Washington, D.C. 20231

Ladies and Gentlemen:

Pursuant to a Security Agreement, dated as of _____ __, 2003 (as amended, supplemented or otherwise modified from time to time, the "Security Agreement"), [NAME OF GRANTOR], a _____ corporation (the "Assignor"), has granted to PATRIARCH PARTNERS AGENCY SERVICES, LLC, as agent for certain lenders, as Assignee (the "Assignee") a continuing security interest in, and a continuing lien upon, the Trademarks (as such term is defined in the Security Agreement) including the trademarks listed on the annexed Exhibit B, and all applications, registrations, renewals and proceeds (including accounts receivable and royalties) thereof (the "Trademarks"), together with the goodwill of the business connected with the use of and symbolized by the Trademarks. The Assignee's security interest in the Trademarks can only be terminated in accordance with the terms of the Security Agreement.

Dated: _____

Very truly yours,

[NAME OF GRANTOR]

By _____
    Name:
    Title:

ACKNOWLEDGED BY:

PATRIARCH PARTNERS AGENCY SERVICES, LLC,
    as Assignee

By _____
    Name:
    Title:

N187178.1

Annex B-1

**A3593**

TRANSCARE00230167

<u>**Exhibit B**</u>

## <u>TRADEMARKS</u>

| Serial No.<br>or Registration No. | Issue or File Date<br>(Renewal Date, if Applicable) | Mark |
|---|---|---|
| | | |

## <u>TRADEMARK LICENSES</u>

| Serial No.<br>or Registration No. | Owner | Issue or File Date<br>(Renewal Date, If<br>Applicable | Mark |
|---|---|---|---|
| | | | |

## <u>TRADEMARK APPLICATIONS</u>

| <u>Serial Number</u> | <u>Filing Date</u> | <u>Mark</u> |
|---|---|---|
| | | |

N187178.1

B-1

**A3594**

TRANSCARE00230168

<u>**ANNEX C**</u>

**[COPYRIGHT FILING DOCUMENT]**

TRANSCARE00230169

**ANNEX D-1**

**FORM OF**
**DEPOSIT ACCOUNT CONTROL AGREEMENT**

_____, 200_

DEPOSIT ACCOUNT CONTROL AGREEMENT, dated as of [_____, 2003], among [NAME OF GRANTOR] (the "Debtor"), PATRIARCH PARTNERS AGENCY SERVICES, LLC, as administrative agent for the Lenders identified in the Security Agreement referred to below (the "Secured Party"), and [_____], in its capacity as a "bank" as defined in Section 9-102(a)(8) of the UCC (in such capacity, the "Financial Institution"). Capitalized terms used but not defined herein shall have the meaning assigned to them in the Security Agreement, dated as of August __, 2003 (as amended, restated, supplemented, or otherwise modified from time to time, the "Security Agreement"), executed by the Debtor in favor of the Secured Party. All references herein to the "UCC" shall mean the Uniform Commercial Code as in effect in the State of New York.

Section 1. Establishment of Deposit Accounts. The Financial Institution hereby confirms and agrees that:

(a)     The Financial Institution has established the deposit and other accounts listed on Schedule A hereto, identified as held in trust for the benefit of the Debtor, as "customer" (as defined in Section 4-104(1)(e) of the UCC), subject to the security interest of the Secured Party (any such account and any successor account, a "Deposit Account");

(b)     The Financial Institution shall not change the name or account number of any Deposit Account without the prior written consent of the Secured Party; and

(c)     Each Deposit Account is a "deposit account" within the meaning of Section 9-102(a)(29) of the UCC.

Section 2. Control of the Deposit Account. This Agreement is intended to convey "control" (as such term is used in Section 9-104 of the UCC) of the Deposit Accounts to the Secured Party. If at any time the Financial Institution shall receive any instructions originated by the Secured Party including a certification that an Event of Default has occurred and is continuing and directing the disposition of funds in any Deposit Account, the Financial Institution shall comply with such instructions without further consent by the Debtor or any other person.

Section 3. Subordination of Lien; Waiver of Set-Off. In the event that the Financial Institution has or subsequently obtains by agreement, by operation of law or otherwise a security interest in any Deposit Account or any funds credited thereto, the Financial Institution hereby agrees that such security interest shall be subordinate to the security interest of the Secured Party. Money and other items credited to any Deposit Account will not be subject to deduction, set-off, banker's lien, or any other right in favor of any person other than the Secured Party (except that the Financial Institution may set off (i) all amounts due to the Financial Institution in respect of customary fees and expenses for the routine maintenance and operation of any Deposit Account and (ii) the face amount of any checks which have been credited to such Deposit Account but are subsequently returned unpaid because of uncollected or insufficient funds).

N187178.1

Annex D-1

**A3596**

TRANSCARE00230170

Section 4. **CHOICE OF LAW. THIS AGREEMENT AND EACH DEPOSIT ACCOUNT SHALL EACH BE GOVERNED BY THE LAWS OF THE STATE OF NEW YORK. REGARDLESS OF ANY PROVISION IN ANY OTHER AGREEMENT, FOR PURPOSES OF THE UCC, NEW YORK SHALL BE DEEMED TO BE THE "BANK'S JURISDICTION" (WITHIN THE MEANING OF SECTION 9-304 OF THE UCC) AND THE DEPOSIT ACCOUNT SHALL BE GOVERNED BY THE LAWS OF THE STATE OF NEW YORK.**

Section 5. <u>Conflict with Other Agreements.</u>

(a)    In the event of any conflict between this Agreement (or any portion thereof) and any other agreement now existing or hereafter entered into, the terms of this Agreement shall prevail;

(a)    No amendment or modification of this Agreement or waiver of any right hereunder shall be binding on any party hereto unless it is in writing and is signed by all of the parties hereto; and

(b)    The Financial Institution hereby confirms and agrees that:

(c)    There are no other agreements entered into between the Financial Institution and the Debtor in favor of any third party with respect to the Deposit Account that could conflict with Section 2 hereof; and

(d)    It has not entered into, and until the termination of this Agreement, will not enter into, any agreement with any other person relating to the Deposit Account and/or any funds credited thereto pursuant to which it has agreed to comply with instructions originated by such other person.

Section 6. <u>Adverse Claims.</u>  Except for the claims and interest of the Secured Party and of the Debtor in any Deposit Account, the Financial Institution does not know of any claim to, or interest in, any Deposit Account or funds held therein.  If any person asserts any lien, encumbrance or adverse claim (including any writ, garnishment, judgment, warrant of attachment, execution or similar process) against any Deposit Account or funds held therein, the Financial Institution will promptly notify the Secured Party and the Debtor thereof.

Section 7. <u>Maintenance of Deposit Accounts.</u>  In addition to, and not in lieu of, the obligation of the Financial Institution to honor instructions as set forth in Section 2 hereof, the Financial Institution agrees to maintain the Deposit Accounts as follows:

(a)    <u>Statements and Confirmations.</u>  [Prior to the Financial Institution's receipt of instructions originated by the Secured Party pursuant to Section 2, the Financial Institution will send monthly, and after the Financial Institution's receipt of such instructions, the Financial Institution will send promptly, copies of all statements, confirmations and other correspondence concerning the Deposit Accounts simultaneously to each of the Debtor and the Secured Party at the address for each set forth in Section 10 of this Agreement; and]

(b)    <u>Tax Reporting.</u>  All interest, if any, relating to the Deposit Accounts, shall be reported to the Internal Revenue Service and all state and local taxing authorities under the name and taxpayer identification number of the Debtor.

N187178.1

Annex D-2

TRANSCARE00230171

Section 8.  <u>Representations, Warranties and Covenants of the Financial Institution</u>.  The Financial Institution hereby makes the following representations, warranties and covenants:

(a)    Each Deposit Account has been established as set forth in Section 1 and such Deposit Account will be maintained in the manner set forth herein until termination of this Agreement; and

(b)    This Agreement is the valid and legally binding obligations of the Financial Institution.

Section 9.  <u>Successors</u>.  The terms of this Agreement shall be binding upon, and shall inure to the benefit of, the parties hereto and their respective corporate successors or heirs and personal representatives who obtain such rights solely by operation of law.

Section 10. <u>Notices</u>. All notices, requests and demands to or upon the respective parties hereto to be effective shall be in writing (including by facsimile transmission) and, unless otherwise expressly provided herein, shall be deemed to have been duly given or made (a) in the case of delivery by hand, when delivered, (b) in the case of delivery by mail, five (5) days after being sent by certified or registered mail, return receipt requested, postage prepaid, (c) the next business day after sent by a nationally recognized overnight delivery service by next business day delivery, or (d) in the case of delivery by facsimile transmission, when sent and receipt has been electronically confirmed, addressed or sent to each party at its respective address or fax number set forth below, or to such other address or fax number as may be hereafter notified by the respective parties hereto:

Debtor:

[Name of Grantor]
5811 Foster Avenue
Brooklyn, New York 11234
Attention: Chief Financial Officer
Telephone: (718) 763-8888, Ext. 353
Fax:  (718) 968-0756

Secured Party:

Patriarch Partners Agency Services, LLC
c/o Patriarch Partners, LLC
112 South Tryon Street, Suite 700
Charlotte, North Carolina 28284
Attention: Lon Brown
Telephone: (704) 227-1205
Fax: (704) 375-0358

Financial Institution:

[Address]
[Address]
[Address]
Attention: [_____]
Fax: [_____]

N187178.1

Annex D-3

**A3598**

TRANSCARE00230172

Any party may change its address for notices in the manner set forth above.

Section 11.<u>Termination</u>.   The obligations of the Financial Institution to the Secured Party pursuant to this Agreement shall continue in effect until the security interest of the Secured Party in the Deposit Accounts has been terminated pursuant to the terms of the Security Agreement and the Secured Party has notified the Financial Institution of such termination in writing.  The Secured Party agrees to provide Notice of Termination in substantially the form of Exhibit A hereto to the Financial Institution upon the termination of the Secured Party's security interest in the Deposit Accounts pursuant to the terms of the Security Agreement.

Section 12.<u>Limitation of Liability; Indemnification of Financial Institution</u>.  The Debtor and the Secured Party hereby agree that (a) the Financial Institution is released from any and all liabilities to the Debtor and the Secured Party arising from the terms of this Agreement and the compliance of the Financial Institution with the terms hereof, except to the extent that such liabilities arise from the Financial Institution's bad faith, willful misconduct or gross negligence and (b) the Debtor, its successors and assigns shall at all times indemnify and save harmless the Financial Institution from and against any loss, liability or expense incurred without bad faith, willful misconduct or gross negligence on the part of the Financial Institution, its officers, directors and agents, arising out of or in connection with the execution and performance of this Agreement or the maintenance of the Deposit Accounts, including the costs and expenses of defending themselves against any claim or liability in connection with the performance of any of their powers or duties hereunder, until the termination of this Agreement.

Section 13.<u>Counterparts</u>.   This Agreement may be executed in any number of counterparts, all of which shall constitute one and the same instrument, and any party hereto may execute this Agreement by signing and delivering one or more counterparts.  Delivery of an executed signature page of this Agreement by facsimile transmission shall be effective as delivery of an executed counterpart of this Agreement.

[SIGNATURE PAGE FOLLOWS]

N187178.1

Annex D-4

TRANSCARE00230173

IN WITNESS WHEREOF, the parties hereto have duly executed and delivered this Deposit Account Control Agreement, all as of the day and year first above written.

[NAME OF GRANTOR], as Debtor

By: _____
     Name:
     Title:

PATRIARCH PARTNERS AGENCY SERVICES, LLC, as Administrative Agent, as Secured Party

By: _____
     Name:
     Title:

[FINANCIAL INSTITUTION], as Financial Institution

By: _____
     Name:
     Title:

**A3600**

Schedule A

## DEPOSIT ACCOUNTS

**Exhibit A**

[PATRIARCH PARTNERS AGENCY SERVICES, LLC LETTERHEAD]

[Date]

[Financial Institution]

Attention: _____

    Re:    Notice of Termination of Deposit Account Control Agreement

        You are hereby notified that the Deposit Account Control Agreement, dated as of [_____, 200_] (the "Agreement"), among you, [NAME OF GRANTOR] (the "Debtor") and the undersigned (a copy of which is attached) is terminated and you have no further obligations to the undersigned pursuant to the Agreement. Notwithstanding any previous instructions to you, you are hereby instructed to accept all future directions with respect to Deposit Account number [_____] from the Debtor. This notice terminates any obligations you may have to the undersigned with respect to the Deposit Account; provided, however, that nothing contained in this notice shall alter any obligations which you may otherwise owe to the Debtor pursuant to any other agreement.

        You are instructed to deliver a copy of this notice by facsimile transmission to the Debtor.

                Very truly yours,

                PATRIARCH PARTNERS AGENCY SERVICES, LLC, as Administrative Agent

                By: _____
                    Name:
                    Title:

A-1

TRANSCARE00230176

**ANNEX D-2**

**FORM OF**
**MEDICARE CONTROLLED ACCOUNT AGREEMENT**

_____, 200_

[Name of Depositary Bank]
[Address]

Re:     [Reference Account/Accounts] (the "<u>Medicare Deposit Accounts</u>")

Ladies and Gentlemen:

        We hereby (i) notify you that Patriarch Partners Agency Services, LLC, 112 South Tryon Street, Suite 700, Charlotte, North Carolina 28284 (the "<u>Administrative Agent</u>") has been granted a security interest in the Medicare Account, and (ii) instruct you, from and after the date of this letter, to transfer all funds out of the Medicare Accounts not later than ____ p.m. on each business day to the following account:

[Reference Non-Medicare Controlled Account]

You hereby agree to notify the Administrative Agent in writing at its above address (or such other notice address as the Administrative Agent may from time to time designate to you in writing) of any request by us to change or rescind the instruction set forth in the immediately preceding sentence, or any amendment, waiver, modification or termination of this letter agreement.

        We also hereby notify you that all fees, expenses and other charges arising out of or in connection with the Medicare Deposit Accounts shall remain our obligation; <u>provided</u> that the Administrative Agent shall be notified by you of any default in our payment of any such obligation and the Administrative Agent shall be entitled to cure any such default within a reasonable period of time after its receipt of such notice.

        We also hereby notify you that in the event that any provision of any instrument, certificate or other document delivered in connection with the Medicare Deposit Accounts shall be inconsistent with any provision of this notice, the provisions of this letter shall govern.

        You hereby waive any right that you may now or hereafter have to security interests, bank's or other possessory liens, rights to offset or other claims against the funds in the Medicare Deposit Accounts following your receipt of a notice from the Administrative Agent that we have defaulted under our agreement with the Administrative Agent. You agree to provide the Administrative Agent, at the request of the Administrative Agent, with information concerning the amounts on deposit in the Medicare Deposit Accounts. Notwithstanding anything herein to the contrary, the Medicare Controlled Accounts shall be under the sole dominion and control of the Debtor. Debtor agrees that it will not change, modify,

N187178.1

Annex D-2-1

TRANSCARE00230177

amend or rescind the instructions of this Medicare Controlled Account Agreement without twenty days notice, and that any such change, amendment, modification, or rescission or notice thereof shall constitute an Event of Default.

Notwithstanding anything contained herein to the contrary, we agree and the Administrative Agent agrees that you shall be entitled to be reimbursed from funds in the Medicare Deposit Accounts for your fees related to your services in connection with the Medicare Deposit Accounts and for amounts in respect of returned and otherwise uncollected items previously credited to the Medicare Deposit Accounts.

[SIGNATURE PAGE FOLLOWS]

N187178.1                                    Annex D-2-2

TRANSCARE00230178

Please acknowledge the terms of and receipt of this notice by signing in the space provided below on two copies hereof sent herewith, and returning a one such signed copy to the undersigned and another such signed copy to the Administrative Agent

Very truly yours,

[NAME OF GRANTOR]

By: _____
    Name:
    Title:

Acknowledged and Accepted:

[NAME OF MEDICARE ACCOUNT
    DEPOSITARY BANK]

By: _____
    Name:
    Title:

PATRIARCH PARTNERS AGENCY SERVICES,
    LLC, as Administrative Agent

By: _____
    Name:
    Title: