USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _12/14/2021_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
In re

TRANSCARE CORPORATION, et al.,

Debtors.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
SALVATORE LAMONICA, as Chapter 7 Trustee of the
Jointly-Administered Estates of TransCare Corporation, et al.,

Plaintiff-Appellee,


-against-

LYNN TILTON, PATRIARCH PARTNERS AGENCY
SERVICES, LLC, PATRIARCH PARTNERS, LLC,
PATRIARCH PARTNERS MANAGEMENT GROUP, LLC,
ARK II CLO 2001-1 LIMITED, TRANSCENDENCE
TRANSIT, INC., and TRANSCENDENCE TRANSIT II, INC.,

Defendants-Appellants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

20-cv-06274 (LAK)
20-cv-06523 (LAK)
(Bankr. Case No. 16-10407 (SMB))
(Adv. Proc. No. 18-1021 (SMB))


### MEMORANDUM OPINION


Appearances:

Bijan Amini
Avery Samet
AMINI LLC
*Attorneys for Plaintiff-Appellee*

Michael T. Mervis
Timothy Q. Karcher
Q. Jennifer Yang
PROSKAUER ROSE LLP
*Attorneys for Defendants-Appellants Patriarch
Lynn Tilton, Partners Agency Services, LLC,
Transcendence Transit, Inc., and Transcendence
Transit II, Inc.*

LEWIS A. KAPLAN, *District Judge.*

Plaintiff-Trustee moves to amend a judgment entered against Defendant Lynn Tilton on October 6, 2021,[1] pursuant to Federal Rule of Civil Procedure 59(e).

In a memorandum opinion dated September 29, 2021, the Court adopted the Bankruptcy Court's recommendations as to Defendant Tilton's liability for breach of fiduciary duty and awarded damages of $38.2 million.[2]  On October 4, 2021, Plaintiff-Trustee filed a proposed judgment in the amount of $38.2 million as against Tilton plus "post-judgement interest . . . at the rate prescribed by 28 U.S.C. § 1961."[3]  That proposed judgment was silent as to prejudgment interest.  On October 6, 2021, the Court entered judgment against Tilton in exactly the form proposed by Plaintiff-Trustee.[4]

Plaintiff-Trustee now seeks to amend that judgment to include prejudgment interest at the rate of six percent per annum from February 24, 2016 to the date of the judgment.

## DISCUSSION

Reconsideration of a previous order "is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."[5]  Relief typically is restricted to situations in which the movant establishes an intervening change in controlling law, offers newly

---

[1] Dkt. 11.

[2] Dkt. 9.

[3] Dkt. 10 at 1.

[4] Dkt. 11.

[5] *Morisseau v. DLA Piper*, 532 F. Supp. 2d 595, 598 (S.D.N.Y. 2008), *aff'd* 355 F. App'x 487 (2d Cir. 2009).

discovered evidence, demonstrates clear error of law, or shows that relief is necessary to prevent manifest injustice.[6] Courts, moreover, "have considerable discretion in determining whether to grant or deny a motion" under Rule 59(e).[7]

Plaintiff-Trustee argues that a Rule 59(e) motion "is the proper basis for bringing a request for prejudgment interest."[8] Defendant Tilton argues that Plaintiff-Trustee's Rule 59(e) motion fails "for the simple reason that the Judgment entered by the Court *was in exactly the form proposed by Plaintiff-Trustee himself, without alteration.*"[9] She emphasizes that the Plaintiff-Trustee's failure to seek prejudgment interest in his own proposed judgment–whether an "inadvertent oversight" or "knowing and intentional"–precludes relief on the basis of clear error or manifest injustice.

Tilton correctly notes Plaintiff-Trustee's "heavy burden" under Rule 59(e).[10] However, she offers no support for the proposition that any error attributable to a party's own omission necessarily forecloses relief under that rule.

In this Circuit, where an award of prejudgment interest is *pro forma* and recoverable as a matter of right, postjudgment relief is often appropriate even where a party has failed to request

---

[6]  *See Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992).

[7]  *Morisseau* , 532 F. Supp. 2d at 598.

[8]  Dkt. 14 at 1.

[9]  Dkt. 18 at 4.

[10]  *See, e.g., Hollander v. Members of Bd. of Regents of Univ. of New York*, 524 F. App'x 727, 729 (2d Cir. 2013).

4

that relief in pleadings or at trial.[11]  In *Lee v. Joseph E. Seagram & Sons, Inc.*,[12] the Circuit reviewed a district court order awarding prejudgment interest upon a Rule 60(a) motion that was filed nearly two years after the original judgment had been entered.  There, the movants had failed to request prejudgment interest "in their complaint," "during the course of the trial," in "their proposed jury verdict," and in "proposed jury instructions."[13]  While the Circuit reversed the award on the ground that the omission was not a "clerical error" remediable under Rule 60(a), it indicated that a postjudgment remedy would have been available through Rule 59(e) had such a motion been filed within that Rule's prescribed window.[14]  Indeed, the Circuit itself has awarded prejudgment interest *sua sponte* on appeal, even where appellees had "not asked for such relief at any time during . . . proceedings, either in this court or below."[15]

Tilton does not deny that Delaware law entitles Plaintiff-Trustee to an award of prejudgment interest as a matter of right.  Thus, while the Court did not misapprehend the parties' respective positions when it entered judgment in the form Plaintiff-Trustee proposed, the interests

---

[11]

    *See Stanford Square, L.L.C. v. Nomura Asset Cap. Corp.*, 232 F. Supp. 2d 289, 291 (S.D.N.Y. 2002); *cf. MCI LLC v. Rutgers Cas. Ins. Co.*, No. 06 CIV. 4412 (THK), 2007 WL 4258190 at *6 (S.D.N.Y. Dec. 4, 2007) (Denying Rule 59(e) motion for prejudgment interest where interest was bound up in the substantive contract claim "rather than merely a pro forma award of prejudgment interest as a matter of law").

[12]

    592 F.2d 39, 41 (2d Cir. 1979).

[13]

    *Id.*

[14]

    *Id.*

[15]

    *Newburger, Loeb & Co., Inc. v. Gross*, 611 F.2d 423, 433-34 (2d Cir. 1979).

5

of justice require that the judgment be amended to avert both a clear error of law and manifest injustice to creditors.[16]

### CONCLUSION

Plaintiff-Trustee's Rule 59(e) motion is granted.   Plaintiff-Trustee shall file a proposed amended judgment that includes prejudgment interest at the Delaware statutory rate.

SO ORDERED.

Dated:        December 14, 2021

_____
Lewis A. Kaplan
United States District Judge

---

[16]     *Cf.* Fed. R. Civ. P. 54(c) ("Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings.").